TODD DEVELOPMENT COMPANY, INC. ET AL., APPELLEES,
*v.* MORGAN ET AL., APPELLANTS.

[Cite as *Todd Dev. Co., Inc. v. Morgan,*
116 Ohio St.3d 461, 2008-Ohio-87.]

(No. 2007–0041—Submitted October 9, 2007—Decided January 17, 2008.)

MOYER, C.J.

{¶ 1} The Twelfth District Court of Appeals has certified this case to this court for review and final determination pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. The Twelfth District found its judgment to be in conflict with the judgment of the Third District Court of Appeals in *Countrymark Coop., Inc. v. Smith* (1997), 124 Ohio App.3d 159, 705 N.E.2d 738. We determined that a conflict exists and agreed to resolve the following issue: "Does a plaintiff or counterclaimant moving for summary judgment granting affirmative relief on its own claims bear the initial burden of addressing the non-moving party's affirmative defenses in its motion?" The answer to this question is no.

{¶ 2} The facts in this case are not relevant to the disposition of the legal issue. Briefly, appellants and appellees dispute whether particular lots, located in Warren County, Ohio, are subject to various covenants, including a restriction against subdivision. Appellants are owners of various lots in the neighborhood, and appellees, Todd Development Company, Inc. and HDC II, L.L.C., are developers that now own certain lots that were part of the original neighborhood.

{¶ 3} Appellees filed a declaratory judgment action alleging that the covenants cannot be enforced against them because appellees' lots were subsequently replatted, resulting in a change of circumstances sufficient to relieve appellees of any requirement to honor the covenants. The appellants filed a counterclaim and

amended counterclaim, alleging that appellees had violated the covenants, including a restriction against subdividing the lots, and had committed trespass.

{¶ 4} Both parties filed motions for summary judgment. The trial court found that the covenants were not ambiguous and should be enforced. The court granted summary judgment in favor of appellants and filed an entry prohibiting appellees from violating the subdivision restriction and other covenants. An amended entry included a Civ.R. 54(B) certification.

{¶ 5} Appellees appealed, arguing that the trial court erred by overruling appellees' motion for summary judgment, by sustaining appellants' motion for summary judgment, and by overruling the appellees' second motion for summary judgment and objections to the decision.

{¶ 6} The court of appeals reversed in part and affirmed in part the trial court's decision. The court of appeals held that the subdivision restriction was valid, but that a second covenant was invalid in part and could not be enforced against appellees. *Todd Dev. Co., Inc. v. Morgan*, Warren App. No. 2005–11–124, 2006-Ohio-4825, 2006 WL 2663002, ¶ 41.

{¶ 7} Further, the court of appeals held that the trial court abused its discretion by failing to reconsider its interlocutory order after appellees filed their second summary judgment motion. When the trial court filed its original summary judgment entry, the court did not include the Civ.R. 54(B) certification that there was "no just reason for delay." That language was added several months after the original decision on summary judgment by separate entry modifying that decision. This modification occurred after the filing of appellees' second motion for summary judgment.

{¶ 8} Appellees' second motion argued that the trial court had failed to address affirmative defenses and that there was evidence before the trial court that raised genuine issues of material fact on the issue of laches. In granting judgment to appellees, the court of appeals held that a party moving for summary judgment bears the initial burden of addressing affirmative defenses in a motion for summary judgment. If the moving party fails to meet its burden, the nonmoving party has no burden to present evidence on its defenses, and the trial court errs in granting summary judgment for the moving party.

{¶ 9} The court of appeals held that appellants failed to address appellees' affirmative defenses in their motion for summary judgment and reply memorandum. Thus, appellees were not required to raise their affirmative defenses in their first motion for summary judgment; when the appellees did raise the defense of laches in their second motion for summary judgment and presented evidence that raised genuine issues of material fact on that defense, the trial court was required to revise its first summary judgment decision. The court

noted that an interlocutory order of summary judgment may be reconsidered and revised by the trial court at any time before final judgment is entered.

{¶ 10} Having determined that a conflict exists on the issue of whether a party moving for summary judgment bears the initial burden of addressing in its motion the nonmoving party's affirmative defenses, we now turn to the merits.

{¶ 11} Civ.R. 56 defines the standard to be applied when determining whether a summary judgment should be granted.[1] Civ.R. 56(C) mandates the entry of summary judgment if the evidence, properly submitted, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon the mere allegations or denials of the pleadings. Instead, the burden shifts to the nonmoving party, and the nonmoving party's response must set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party does not so respond, summary judgment, if appropriate, may be entered against the nonmoving party. Id.

{¶ 12} In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, this court reviewed the standard for granting summary judgment and held that "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Id. at 292, 662 N.E.2d 264. Once the moving

---

1. {¶ a} Civ.R. 56 states:

{¶ b} "(A) For party seeking affirmative relief. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. * * *

{¶ c} "(B) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. * * *

{¶ d} "(C) Motion and proceedings. * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *

{¶ e} " * * * *

{¶ f} "(E) Form of affidavits; further testimony; defense required. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

party satisfies its initial burden, the nonmoving party has the reciprocal burden outlined in the last sentence of Civ.R. 56(E). Id. at 294, 662 N.E.2d 264.

{¶ 13} The basic standard for summary judgment has been well established in Ohio jurisprudence. The issue in this case is whether the moving party's burden to support its motion for summary judgment includes the burden to address the nonmoving party's affirmative defenses. The language of Civ.R. 56 and our case law do not support the proposition that a party moving for summary judgment has the burden to prove its case *and disprove* the opposing party's case as well.

{¶ 14} We agree with the appellants that there is no requirement in the Civil Rules that a moving party must negate the nonmoving party's every possible defense to its motion for summary judgment. To the contrary, Civ.R. 56(E) states that a party opposing summary judgment may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. If a moving party meets the standard for summary judgment required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party.

{¶ 15} This holding protects the nonmoving party's due process rights. In *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus, we stated that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." We reached our conclusion in *Marshall* based upon the implications of the language of Civ.R. 56(C) and stated that "[w]here no motion has been filed, and necessarily no evidence attached thereto, no conclusion, favorable or adverse, is properly available upon which to base an order for summary judgment." Id. at 50, 15 OBR 145, 472 N.E.2d 335.

{¶ 16} There is an exception to this general prohibition: " 'While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, * * * an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law.' " *State ex rel. J.J. Detweiler Ents., Inc. v. Warner,* 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482, ¶ 13, quoting *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 500 N.E.2d 1370. *Detweiler* also quotes *State ex rel. Lowery v. Cleveland* (1993), 67 Ohio St.3d 126, 128, 616 N.E.2d 233: " 'the court's summary judgment for relator neither prejudiced the city's procedural rights nor denied the city an opportunity to submit evidence.' " *Detweiler* at ¶ 13.

{¶ 17} The language quoted in *Detweiler* conveys the importance of a party's due process rights. We created an exception to the general rule announced in *Marshall* for factual situations in which the court has all the relevant evidence

before it and the summary judgment standard is met. When a party moves for summary judgment, the nonmovant has an opportunity to respond, and the court has considered all the relevant evidence, the court may enter summary judgment against the moving party, despite the nonmoving party's failure to file its own motion for summary judgment. The reason for this exception is that the parties have had an opportunity to submit all evidence to the court, and the parties have notice that the court is considering summary judgment. As a result, neither party's due process rights are violated.

{¶ 18} In this case, both appellants and appellees have had an opportunity to submit evidence to the trial court. Both parties have had legal notice of the moving party's summary judgment motion. Appellees had the opportunity in their response to appellants' summary judgment motion to submit evidence showing a genuine issue of material fact with respect to their affirmative defenses. Appellees were not required to conclusively demonstrate their case, but to produce only enough evidence to show that there remained a genuine issue of material fact. *Detweiler*, 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482, ¶ 14. Appellees did not do so, and the trial court did not err in granting summary judgment in favor of appellants.

{¶ 19} Our decision in this case is in accord with decisions in several other states. The Supreme Court of Indiana stated that, in regard to a response to a motion for summary judgment, "[i]t is clear that the burden of pleading and proving any affirmative defense is on the defendants." *Criss v. Bitzegaio* (Ind.1981), 420 N.E.2d 1221, 1224.

{¶ 20} A Texas court of appeals expressly stated the "well-established rule of Texas summary judgment procedure": " 'Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense.' " *Barrand, Inc. v. Whataburger, Inc.* (Tex.App. 2006), 214 S.W.3d 122, 143, fn. 6, quoting *Gulf, Colorado & Santa Fe Ry. Co. v. McBride* (1959), 159 Tex. 442, 454, 322 S.W.2d 492.

{¶ 21} Finally, our holding is consistent with the public policy in support of summary judgment motions. Civ.R. 1(B) states that the Rules of Civil Procedure "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." A moving party does not need to offer evidence on every defense raised by the nonmoving party. To impose such a requirement would delay the filing of summary judgment motions and increase the expense of litigation.

{¶ 22} As the United States Supreme Court stated in *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265, in reference to the federal Civil Rule for summary judgment, which is similar in relevant respects to the Ohio rule: "The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id., quoting Fed.R.Civ.P. 1.

{¶ 23} We decline the opportunity to alter the summary judgment procedure in Ohio to require a moving party to bear the initial burden of addressing and negating the nonmoving party's affirmative defenses. Our holding today encourages the just and timely disposition of civil actions by requiring a nonmoving party to respond to a motion for summary judgment with evidence creating a genuine issue of material fact.

{¶ 24} A plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses. The trial court's decision to grant summary judgment in favor of appellants was proper, and the court of appeals erred in reversing the trial court's decision.

Judgment reversed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER, J., dissents and would answer the certified question in the affirmative and affirm the judgment of the court of appeals.

---

**LANZINGER, J., concurring in judgment only.**

{¶ 25} I would strike reference to *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, as singularly unhelpful to the determination of the instant matter. In *Dresher*, a plurality of this court held that a moving party has the burden to identify those portions of the record that demonstrate the absence of an issue of fact on a nonmoving party's claim. Id. at 292, 662 N.E.2d 264. The decision, limited in scope, does not lead to the conclusion that affirmative defenses need not be addressed by a plaintiff or counterclaimant filing a summary judgment motion.

{¶ 26} The holding in this case adequately rests upon Civ.R. 56 alone, and on that basis, I concur.

Matre & Matre Co., L.P.A., James A. Matre, and Kerrie K. Matre, for appellees.

Leppla Associates, Gary J. Leppla, and Eric S. Thompson, for appellants.