OPINION
{¶ 1} Defendant, F. Sue Finley, appeals from a summary judgment for Plaintiff, Wells Fargo Minnesota, N.A. ("Wells Fargo").
 {¶ 2} Finley owns a house and real property in Fairborn. *Page 2 
In 2001, she refinanced the mortgage on her property. Finley executed a note and mortgage in favor of Option One Mortgage Corporation for $105,950.00 on May 31, 2001. The mortgage was recorded in the Greene County Official Records on June 25, 2001. Gwin Mortgage, Inc. acted as the broker for the transaction. Option One Mortgage Corporation assigned the mortgage to Wells Fargo in January of 2002.
 {¶ 3} Finley failed to stay current in her financial obligations to Wells Fargo pursuant to the terms of the mortgage and note. Wells Fargo commenced an action in foreclosure against Finley on July 21, 2003. Wells Fargo subsequently filed an amended complaint and a motion for default judgment. The trial court granted Finley additional time in which to file her answer. Prior to Finley filing her answer, Wells Fargo moved for summary judgment. Finley filed her answer on June 9, 2006.
 {¶ 4} Wells Fargo renewed its motion for summary judgment on July 31, 2006. Finley filed a memorandum in opposition to the motion for summary judgment, attaching her affidavit opposing the motion. On December 29, 2006, the trial court granted Wells Fargo's motion for summary judgment. Finley filed a timely notice of appeal.
 {¶ 5} ASSIGNMENT OF ERROR *Page 3 
 {¶ 6} "THE TRIAL COURT ERRED BY GRANTING (WELLS FARGO'S) MOTION FOR SUMMARY JUDGMENT WHICH FAILED TO DEMONSTRATE THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT CONCERNING APPELLANT'S AFFIRMATIVE DEFENSES TO APPELLEE'S CLAIMS."
 {¶ 7} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. OfEdn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. MansfieldJournal Co. (1980), 64 Ohio St.2d 116, 119-20. Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704,711.
 {¶ 8} "The appropriateness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing Inc. (1978), 54 Ohio St.2d 64, 66. See also *Page 4 
Civ.R. 56(C).
 {¶ 9} Finley conceded in her opposition to Wells Fargo's motion for summary judgment that she failed to make the necessary payments on her mortgage with Wells Fargo. Finley argues, however, that Wells Fargo failed to meets its burden under Civ.R. 56 to prove that no genuine issue of material fact exists in relation to Finley's affirmative defenses. According to Finley, it is Wells Fargo's burden to specifically provide evidence that affirmatively demonstrates that Finley has no evidence to support her affirmative defenses. In support of her position, Finley cites our prior decisions in ABA AMRO MortgageGroup, Inc. v. Arnold, 2005-Ohio-925, and ABN AMRO Mortgage Group v.Meyers, 159 Ohio App.3d 608, 2005-Ohio-602.
 {¶ 10} Wells Fargo argues that the present case is distinguishable from Meyers and Arnold because, unlike the plaintiffs in those cases, Wells Fargo identified the legal standards with regard to each of Finley's affirmative defenses and explained how the evidence before the trial court showed an absence of genuine issue of material fact.
 {¶ 11} The Supreme Court recently clarified whether a party moving for summary judgment has an obligation to address the nonmoving party's affirmative defenses. Todd Development Co., *Page 5 Inc. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87. The Supreme Court held, in pertinent part:
 {¶ 12} "The basic standard for summary judgment has been well established in Ohio jurisprudence. The issue in this case is whether the moving party's burden to support its motion for summary judgment includes the burden to address the nonmoving party's affirmative defenses. The language of Civ.R. 56 and our case law do not support the proposition that a party moving for summary judgment has the burden to prove its case and disprove the opposing party's case as well.
 {¶ 13} "We agree with the appellants that there is no requirement in the Civil Rules that a moving party must negate the nonmoving party's every possible defense to its motion for summary judgment. To the contrary, Civ.R. 56(E) states that a party opposing summary judgment may not rest upon its pleadings, but must set forth specific facts showing there is a genuine issue for trial. If a moving party meets the standard for summary judgment required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party.
 {¶ 14} * * *
 {¶ 15} "In this case, both appellants and appellees have *Page 6 
had an opportunity to submit evidence to the trial court. Both parties have had legal notice of the moving party's summary judgment motion. Appellees had the opportunity in their response to appellants' summary judgment motion to submit evidence showing a genuine issue of material fact with respect to their affirmative defenses. Appellees were not required to conclusively demonstrate their case, but to produce only enough evidence to show that there remained a genuine issue of material fact. Detweiler, 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482, ¶ 14. Appellees did not do so, and the trial court did not err in granting summary judgment in favor of appellants.
 {¶ 16} * * *
 {¶ 17} "We decline the opportunity to alter the summary judgment procedure in Ohio to require a moving party to bear the initial burden of addressing and negating the nonmoving party's affirmative defenses. Our holding today encourages the just and timely disposition of civil actions by requiring a nonmoving party to respond to a motion for summary judgment with evidence creating a genuine issue of material fact." Morgan, 2008-Ohio-87, _13, 14, 18, 23 (emphasis in original).
 {¶ 18} Pursuant to the Supreme Court's holding in Morgan, Wells Fargo did not have an initial burden to address Finley's *Page 7 
affirmative defenses. Wells Fargo supported its motion for summary judgment with sufficient evidence to show an absence of a genuine issue of material fact relating to its claim against Finley. Therefore, Wells Fargo was entitled to summary judgment unless Finley satisfied her burden under Civ.R. 56 to show that there is a genuine issue of material fact relating to the amount of Wells Fargo's claim or her affirmative defenses. Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 19} In her answer (Dkt. #56) to Wells Fargo's amended complaint, Finley asserted the following affirmative defenses: failure to state a claim upon which relief may be granted; violation of the Home Ownership Equity Protection Act; failure to join necessary and proper parties; insufficiency of process and service of process; failure to mitigate damages; estoppel, laches and/or waiver; lack of consideration; predatory lending practices; violation of the Consumer Sales Practices Act; intervening and superseding causes; and fraud and/or misrepresentation.
 {¶ 20} Finley contends on appeal that her "main defenses to the default claimed in the MSJ were: 1) the loan documents are factually inaccurate and cannot be used as a legitimate loan from which an action in foreclosure can be maintained; 2) *Page 8 
Gwin and/or Global misrepresented and manipulated the loan documents; and 3) Appellee has failed to meet its burden to prove that no genuine issue of material fact exists in response to Appellant's affirmative defenses to be litigated concerning Appellant's defenses." (Brief, p. 3).
 {¶ 21} Finley submitted an affidavit in opposition to Wells Fargo's motion for summary judgment. In her affidavit, Finley stated that she discovered numerous errors in the closing documents and tried to contact representatives of Wells Fargo about the errors. Further, she stated that she never received a check in the amount of $1,789.93 at the closing because an agent of Gwin Mortgage forced her to sign the check over to him. She also stated that she was never given a Notice of Right to Cancel at the closing and that her original second mortgage with AVCO has not been released.
 {¶ 22} The facts and circumstances on which Finley relies occurred when her note and mortgage were executed. Wells Fargo argues that defenses arising from those matters are not available to Finley against Wells Fargo because it is a holder in due course. R.C. 1303.32.
 {¶ 23} Finley does not dispute that Wells Fargo enjoys the status of a holder in due course. However, she contends that her particular claims are for fraud, for which a holder in due *Page 9 
course may be liable. R.C. 1303.35(A)(1)(c) permits a defense to the claims of a holder in due course for "[f]raud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or essential terms."
 {¶ 24} Fraud in the inducement involves misrepresentation of facts which induce another party to enter into an agreement or assume an obligation. In that event, there is no failure of understanding of the party to be bound as to the nature or character of his act. Rather, the actor claims that he was induced to commit the act by the wrongful conduct or misrepresentation of the person so benefitted. Haller v.Borror Corporation (1990), 50 Ohio St.3d 10. The defense is unavailable to a mortgagor who was negligent in failing to read the instruments she signed. Leedy v. Ellsworth Construction Co. (1966), 9 Ohio App.2d 1.
 {¶ 25} The facts and circumstances Finley alleges pertain to the proper performance of their contract obligations by Wells Fargo's predecessors. They do not demonstrate that Finley was induced to sign by misrepresentations of fact. Therefore, the fraud defense in R.C.1303.35(A)(1)(c) has no application. Furthermore, as Wells Fargo points out, Finley's failure to plead fraud with particularity in her complaint *Page 10 
waives the right to invoke that defense. Civ.R. 9(B).
 {¶ 26} Finley conceded that she was not current in her financial obligations pursuant to the terms of the mortgage and note. Although she believes that there were errors in the loan documents, she does not identify any specific evidence that would create a genuine issue of material fact as to the amount owed to Wells Fargo. Further, she fails to identify any specific evidence that would create a genuine issue of material fact regarding the affirmative defenses she raised in her answer. Therefore, the trial court did not err in granting summary judgment in favor of Wells Fargo.
 {¶ 27} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. and GLASSER, J., concur. *Page 1