[Cite as *Columbia Gas Transm., L.L.C. v. Ogle*, 2012-Ohio-1483.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

COLUMBIA GAS TRANSMISSION, LLC, :
                                        :

      Plaintiff-Appellee,         :    Case No. 10CA11

                                           :

      vs.                     :   **Released: March 21, 2012**

                                         :

CHARLES and MELANIE OGLE    :   DECISION AND JUDGMENT
                                         :   <u>ENTRY</u>

      Defendants-Appellants.     :

---

APPEARANCES:

Charles R. and Melanie A. Ogle, Rockbridge, Ohio, pro se.

James M. Doerfler, Reed Smith, LLP, Pittsburgh, Pennsylvania, for Appellee.

---

McFarland, J.:

{¶1} Appellants Charles and Melanie Ogle appeal the judgment of the trial court granting declaratory judgment to Appellee Columbia Gas Transmission, LLC. Appellants argue that the trial court erred by 1) failing to dismiss Appellee's complaint; 2) entering a decision that contains erroneous facts and that decides issues beyond the scope of the complaint; and 3) denying Appellants' motion for post-judgment relief. Having reviewed the record, we find that the trial court erred by denying Appellants due process and we reverse the trial court's judgment and remand the cause for further proceedings.

FACTS

{¶2} Appellants own approximately 88 acres of land situated in Hocking County, Ohio.  There exists a lease between Appellants (lessors) and Appellee (lessee), whereby Appellee stores and extracts natural gas from underneath Appellants land.  The lease purportedly gives Appellee the right to access the subject property to use and maintain an existing natural gas well.  Appellee believes that the lease also gives it the right to construct additional wells, subject to obtaining regulatory approval.  Consequently, Appellee marked a site for a proposed second well on Appellants' property and began the process to obtain regulatory approval to construct the second well.

{¶3} Appellants, on the other hand, are unhappy with the proposed well's location and their proposed compensation.  Appellants believe that the lease prohibits Appellee from constructing a well within 300 feet of a barn; yet at the time of the lease's execution, no barn existed in the property.  To take advantage of this clause in the lease, Appellants erected a barn within 300 feet of the new well's proposed location.  Appellants also began filing papers with various government entities in an effort to prohibit the second well's construction.

{¶4} Given Appellant's objections and anticipating litigation and interference from Appellants, Appellee filed the instant action.  Appellee requested the trial court declare that 1) the lease gives Appellee the right to unimpeded

access to the first well for the purposes of maintaining and operating it; and 2) the lease gives Appellee the right to drill additional wells as needed, subject to regulatory approval.  Appellee also requested a permanent injunction prohibiting Appellants from interfering with Appellee's rights under the lease.

{¶5} Subsequently, Appellants filed their own action for declaratory judgment, seeking a declaration that the lease is unconscionable.  The trial court consolidated this case with Appellee's action, because the two cases involved the same facts and the construction of the same lease.

{¶6} Appellee moved for summary judgment on Appellants' claims, and Appellants voluntarily dismissed their claims.  The trial court then entered judgment on May 14, 2010 in Appellee's favor.  Appellants objected to the trial court's final judgment entry and sought reconsideration.[1]  Subsequently, Appellants filed the instant appeal alleging the following assignments of error.

ASSIGNMENTS OF ERROR

I.      "THE TRIAL COURT ERRED IN NOT DISMISSING APPELLEE'S COMPLAINT FOR LACK OF GENUINE ISSUE OF MATERIAL FACT, CASE, OR JUDICIABLE CONTROVERSY.

II.    "THE TRIAL COURT ERRED IN DECLARING A DECISION AND JUDGMENT ENTRY (NUNC PRO TUNC), WITH ERRONEOUS STATEMENTS AS FACT AND ISSUES FOR WHICH THERE WAS NO AMENDED COMPLAINT.

---

[1] The record contains no ruling from the trial court on this issue.

III.    "THE TRIAL COURT ERRED IN DENYING DEFENDANTS'
        RULE 60(B) MOTION FOR POST-JUDGMENT RELIEF."

ANALYSIS

I.

{¶7} We address Appellants' second assignment of error first because it is dispositive.  In their second assignment of error, Appellants argue the trial court erred when it issued its final decision and judgment entry.  Specifically, Appellants take issue with the trial court's recitation of facts, and the fact that they were unaware the trial court was entertaining entering a final judgment.

{¶8} Appellee filed its motion for summary judgment on March 1, 2010. Appellee requested the trial court dismiss the "unconscionability claims alleged by [Appellants]."  In its supporting memorandum, Appellee explained Appellants' claims were untimely and substantively deficient, and requested the trial court dismiss Appellants' claims of unconscionability.  Appellee did not request judgment upon its own claims.

{¶9} On March 16, 2010, Appellants dismissed their claims for unconscionability, effectively mooting Appellee's motion for summary judgment, and filed a memorandum contra stating the same.  The record does not reveal that the trial court formally ruled upon Appellee's motion for summary judgment.

{¶10} On April 6, 2010, the trial court notified the parties that it would conduct a pretrial on May 14, 2010, followed by the trial to the court on July 16, 2010. No subsequent notices altered this schedule.

{¶11} On May 14, 2010, the trial court signed an entry entitled "Stipulated Decision and Judgment Entry," which did not contain the parties' signatures or their attorneys' signatures, and granted Appellee's claims for declaratory judgment. The trial court then filed a nunc pro tunc entry that was identical, except it deleted the word "stipulated" from the caption. Appellants objected to this entry and requested reconsideration, which the trial court did not grant.

{¶12} "The fundamental requirements of due process are notice and an opportunity to be heard at a meaningful time and manner." *Carver v. Map Corp.*, 4th Dist. No. 01CA2757, 2001-Ohio-2403, citing *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457 and *In re Adoption of Zschach* (1996), 75 Ohio St.3d 648, 653, 665 N.E.2d 1070. "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint* (1980), 62 Ohio St.2d 209, 215, 404 N.E.2d 752. "'Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party.'" *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 880 N.E.2d 88, 2008-Ohio-87, at ¶15, quoting *Marshall v.*

*Aaron* (1984), 15 Ohio St.3d 48, 472 N.E.2d 335, at the syllabus. The exception to this prohibition is "an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers' Comp.*, 27 Ohio St.3d 25, 28, 500 N.E.2d 1370, citing *Houk v. Ross* (1973), 34 Ohio St.2d 77, 296 N.E.2d 266, paragraph one of the syllabus.

{¶13} In the instant case, the trial court's final judgment entry deprived Appellants of due process and must be reversed. First and foremost, the record reveals no procedural process by which the trial court arrived at its judgment. There is no indication that the trial court issued its ruling in response to a pending motion, a previously held hearing, or other dispositive procedural device.

{¶14} Second, even assuming that the trial court's entry was its ruling on Appellee's motion for summary judgment,[2] the trial court was without authority to rule on claims not addressed within the motion. The trial court was only permitted to enter summary judgment in Appellee's favor (the moving party) or in Appellants' favor (the non-moving parties), regarding Appellants' claims of unconscionability. A trial court cannot sua sponte enter summary judgment on

---

[2] The trial court's entry did not purport to be a ruling on the pending motion for summary judgment.

issues not raised within a party's motion for summary judgment. Doing so violates the basic principles of due process.

{¶15} Similarly, a trial court may not unilaterally forego a trial and decide the merits of case without notifying the parties and giving them an opportunity to be heard. Appellee's argument that the record discloses no objection from Appellants concerning the submission of the tendered final judgment entry is neither persuasive nor dispositive. Just the same, the record discloses no notice the trial court was going to consider the merits of Appellee's claims before the scheduled bench trial. Without such notice, the trial court deprived Appellants of due process.

{¶16} Accordingly, we sustain Appellants' second assignment of error and reverse the trial court's judgment.

**JUDGMENT REVERSED AND THE
CAUSE REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that the Appellants recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment and Opinion.
Abele, P.J.: Dissents.

For the Court,


BY: _____
Matthew W. McFarland, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**