[Cite as *JP Morgan Chase Bank, N.A. v. Parker*, 2014-Ohio-5806.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

JPMORGAN CHASE BANK, N.A.

     Plaintiff-Appellee

v.

ARTHUR B. PARKER, JR.

     Defendant-Appellant


Appellate Case No.    2014-CA-17

Trial Court Case No.   2014-CV-37


(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 31st day of December, 2014.

. . . . . . . . . . .

DANIEL C. GIBSON, Atty. Reg. No. 0080129, 100 South Third Street, Columbus, Ohio 43215
     Attorney for Plaintiff-Appellee

JARED B. CHAMBERLAIN, Atty. Reg. No. 0090785, 419 North Wayne Street, Piqua, Ohio 45356
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Arthur Parker, appeals from a summary judgment and decree of foreclosure rendered in favor of Plaintiff-Appellee, JP Morgan Chase Bank, N.A. ("Chase"). In support of his appeal, Parker contends that the trial court erred in rendering summary judgment in favor of the bank because there are genuine issues of material fact regarding the authenticity of his signature on a mortgage pledging his property as security for a line of credit.

{¶ 2} We conclude that the trial court did not err in granting summary judgment in Chase's favor. Chase met its burden of establishing entitlement to summary judgment, and Parker failed to set forth any evidence indicating the presence of genuine issues of material fact in connection with his fraud defense. Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3} On January 31, 2014, Chase filed a foreclosure complaint against Parker and others, alleging that $74,250.69, plus interest from February 25, 2010, was owed on a note secured by a mortgage, which was attached as Exhibit B. Parker filed an answer in February 2014, raising as an affirmative defense that his signature on the mortgage was obtained by fraud.

{¶ 4} In April 2014, the trial court filed an order setting a discovery deadline of August 5, 2014, and a one-day trial to be heard in October 2014. Chase then filed a motion for summary judgment in June 2014. Attached to the motion was the affidavit of Myrtle Cox, a

Vice President of Chase, who identified and authenticated various documents, including the note that Parker's wife, Nancy, had signed, and the mortgage agreement that both Nancy and Parker had signed, giving Chase a security interest in property located at 309 E. Ash Street, Piqua, Ohio. The affidavit further noted that the borrower, Nancy, failed to make the payment due on March 25, 2010, and that no payments had been made thereafter to bring the loan current. The loan was a home equity line of credit, in the amount of $100,000, and was dated January 26, 2005.

{¶ 5}     Also on January 26, 2005, a mortgage securing the indebtedness of $100,000 was signed securing the note that Nancy had signed. Both Parker's and Nancy's names and signatures are on the mortgage document, and their signatures were witnessed by a notary. The following statement appears in bold and capital letters on the mortgage directly above the signatures: "EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THE MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS." Doc. #19, Exhibit B attached to the Affidavit of Myrtle Cox, p. 6.

{¶ 6}     Parker filed a response to Chase's summary judgment motion on June 13, 2014. Parker did not request additional time to conduct discovery. He claimed in his motion that he and his wife had applied for loans at virtually every local bank after a fire and his heart attack in 2004, which left them in desperate need of cash. Parker also indicated that he had signed documents in connection with these loans, and often did not know what was in the documents. In addition, Parker stated in the memorandum that while it is possible he could have signed a mortgage in connection with a loan application, he did not sign any documents in connection with this particular loan.

{¶ 7}     Parker's affidavit admitted that he had signed myriad forms at banks, but says

that the loans were denied because he had no steady income and the property that was offered as collateral was of mixed residential and commercial use. Parker further claimed that he was unaware of the Chase loan until shortly before his wife's death in September 2009, when his wife asked him to make a payment to Chase.

{¶ 8}   After considering the evidence, the trial court rendered summary judgment and a decree of foreclosure to Chase. Parker now appeals from the judgment and decree of foreclosure.

## II.   Did the Trial Court Err in Granting Summary Judgment?

{¶ 9}   Parker's sole assignment of error, phrased in the form of a question, states that:

Did the Trial Court Err in Granting Summary Judgment to Plaintiff Where It Determined there Was No Genuine Issue of Material Fact Regarding Defendant Arthur Parker Jr.'s Alleged Signature on a Mortgage Purporting to Pledge His Real Property as Security for a Line of Credit Allegedly Given by Plaintiff to Parker's Now-Deceased Wife?

{¶ 10}   Under this assignment of error, Parker contends that there are genuine issues of material fact regarding whether he signed the mortgage. Parker admits that he may have signed a mortgage, but argues that there are factual issues, based on his affidavit, with respect to whether he signed the mortgage for this particular loan.

{¶ 11}   In ruling on summary judgment, the trial court noted that where a mortgage appears to be facially valid, a notary's certificate stating that the mortgage was freely signed and acknowledged is conclusive evidence of the facts stated in the certificate. The court also noted

that Parker's affidavit did not claim that the signature on the mortgage was not his signature. In addition, the court observed that Parker had failed to either plead facts with particularity in his answer, or submit any evidence to support his affirmative defense of fraud when he opposed Chase's motion for summary judgment.

{¶ 12} It is well-settled that "[a] trial court may grant a moving party summary judgment pursuant to Civ. R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist.1999). "We review decisions granting summary judgment de novo, which means that we apply the same standards as the trial court." (Citations omitted.) *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.).

{¶ 13} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Wright–Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26. (Other citation omitted.) *Accord JP Morgan Chase Bank, N.A. v. Massey*, 2d Dist. Montgomery No. 25459, 2013-Ohio-5620, ¶ 20.

**{¶ 14}** In the case before us, Chase met these requirements and was entitled to summary judgment. The only barrier would have been Parker's fraud defense. In *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, we noted that " '[i]n the absence of clear and convincing proof of fraud or forgery, the certificate of a notary stating that the mortgage release was freely signed and acknowledged by the mortgagee is conclusive evidence of the facts stated in the notary's certification.' " *Id.* at ¶ 10, citing *Waddell v. Frasure*, 4th Dist. Scioto No. 05CA3040, 2006-Ohio-6093. In the case before us, not only is there no clear and convincing evidence of fraud or forgery; there is no evidence of fraud or forgery at all.

**{¶ 15}** As the trial court noted, Parker did not deny that the signature on the mortgage is his signature; he simply indicates that he signed many documents (that he apparently must not have read), and that all the loans, to his knowledge, were rejected by the lenders.

**{¶ 16}** In assessing this matter, we first agree with the trial court that Parker's answer did not plead the fraud defense with sufficient particularity. *See* Civ.R. 9(B), which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." We have previously indicated that failure to properly plead fraud with particularity waives the defense. *See Wells Fargo Minnesota, N.A. v. Finley*, 2d Dist. Greene No. 2007-CA-09, 2008-Ohio-982, ¶ 25.

**{¶ 17}** However, even if Parker had raised the matter appropriately, his affidavit fails to establish any factual issues regarding a claim for fraud. "The mere fact that [a defendant has] asserted various affirmative defenses in his answer does not preclude summary judgment." *VFC Partners 18, L.L.C. v. Snider*, 11th Dist. Lake No. 2014-L-024, 2014-Ohio-4129, ¶ 24. Once a plaintiff presents evidence sufficient to satisfy entitlement to summary judgment, the burden

shifts to the defendant to set forth specific facts demonstrating that a genuine issue of material fact remains to be litigated, either on the main claim or on the defendant's affirmative defenses. *Id.* at ¶ 18-19, citing *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 1.

{¶ 18} Despite having had an opportunity to conduct discovery, Parker failed to provide any facts indicating that Chase acted fraudulently, or to even demonstrate what type of fraud he is asserting as a defense. In *Finley*, the plaintiff asserted in opposition to the bank's motion for summary judgment that there were numerous errors in her closing documents, that she never received funds at the closing to which she was entitled, that she was never given notice of a right to cancel at the closing, and that her original mortgage had not been released. *Id.* at ¶ 21. In this regard, we observed that:

> The facts and circumstances on which Finley relies occurred when her note and mortgage were executed. Wells Fargo argues that defenses arising from those matters are not available to Finley against Wells Fargo because it is a holder in due course. R.C. 1303.32.

> Finley does not dispute that Wells Fargo enjoys the status of a holder in due course. However, she contends that her particular claims are for fraud, for which a holder in due course may be liable. R.C. 1303.35(A)(1)(c) permits a defense to the claims of a holder in due course for "[f]raud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or essential terms."

> Fraud in the inducement involves misrepresentation of facts which induce

another party to enter into an agreement or assume an obligation. In that event, there is no failure of understanding of the party to be bound as to the nature or character of his act. Rather, the actor claims that he was induced to commit the act by the wrongful conduct or misrepresentation of the person so benefitted. *Haller v. Borror Corporation* (1990), 50 Ohio St.3d 10. The defense is unavailable to a mortgagor who was negligent in failing to read the instruments she signed. *Leedy v. Ellsworth Construction Co.* (1966), 9 Ohio App.2d 1.

*Finley,* 2d Dist. Greene No. 2007-CA-09, 2008-Ohio-982, ¶ 22-24. *Accord Aftermath, Inc. v. Buffington*, 10th Dist. Franklin No. 09AP-410, 2010-Ohio-19, noting that "failure to read the terms of a contract is not a valid defense to enforcement of the contract." *Id.* at ¶ 11, citing *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14, 552 N.E.2d 207 (1990).

{¶ 19} In the case before us, there is no evidence that Parker was induced in any way by Chase. The only evidence is that Parker and his wife signed a mortgage securing a note that his wife signed the same day. Whether Parker recalls signing the mortgage is no defense. Although Parker, "as the respondent to a motion for summary judgment, is entitled to the benefit of all reasonable inferences, those inferences must be reasonable." *Hapner v. Tuesday Morning, Inc.*, 2d Dist. Montgomery No. 19395, 2003-Ohio-781, ¶ 120.

{¶ 20} In a similar vein, we rejected the claim of a defendant who admitted signing a promissory note and mortgage agreement, but claimed that he was intoxicated on a daily basis when he entered into the loan. Our rejection was based on the fact that the defendant "failed to present any evidence as required by Civ.R. 56(E) to substantiate his claims." *Nationstar Mtge., L.L.C. v. West*, 2d Dist. Nos. 25813, 25837, 2014-Ohio-735, ¶ 47.

{¶ 21}    We note that Parker contends that discovery, i.e., interviewing the notary, could show that he was not present for his wife's loan application.   However, as was noted, Parker had an opportunity to conduct discovery, and did not file a Civ.R. 56(F) affidavit indicating that he needed time to do further discovery in order to respond to the motion for summary judgment.

{¶ 22}    Based on the preceding discussion, Parker's sole assignment of error is without merit and is overruled.


III.   Conclusion

{¶ 23}    Parker's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J., concur.


Copies mailed to:

Daniel C. Gibson
Jared B. Chamberlain
Ohio Bureau of Workers' Compensation
Ohio Department of Taxation
State of Ohio Estate Tax Division
Hon. Christopher Gee