[Cite as *Kiavi Funding, Inc. v. Native Training Solutions Inc.*, 2026-Ohio-1890.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| KIAVI FUNDING, INC. | : | |
| | : | C.A. No. 30689 |
| Appellees | : | |
| | : | Trial Court Case No. 2025 CV 03709 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| NATIVE TRAINING SOLUTIONS INC., | : | Court) |
| ET AL. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 22, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HANSEMAN, J., concur.

OPINION

PIERCE CALLOWAY, Appellant, Pro Se
SUZANA PASTOR, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Pierce Calloway appeals from a judgment of the Montgomery County Common Pleas Court granting summary judgment to plaintiff-appellee Kiavi Funding, Inc. ("Kiavi"), and entering a foreclosure decree. For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Course of Proceedings

{¶ 2} On June 26, 2025, Kiavi filed a complaint in the Montgomery County Common Pleas Court for money, foreclosure, and other equitable relief against Calloway, Native Training Solutions, Inc. ("NTS"), and others. The complaint alleged that NTS signed and executed a promissory note evidencing a loan given to NTS by Kiavi in the amount of $220,900.00, with interest. As security for the promissory note, and as part of the same transaction, NTS executed a mortgage deed that secured the property located at 100-102 Boltin Street, Dayton, Ohio (the "Property"). Calloway, the owner and managing partner for NTS, signed the promissory note and mortgage deed with Kiavi. Calloway also executed a personal guarantee as security for the note. The complaint stated that Kiavi was the holder of the promissory note in the principal amount of $220,900.00, which was secured by a mortgage on the Property and a personal guarantee by Calloway. Kiavi alleged that NTS had defaulted on the terms of the promissory note and mortgage, all conditions precedent had been met, and the amount due and owed was $95,500.00, with interest at the rate of 19.49% per annum from February 1, 2025, along with late fees and reasonable attorney

fees.   A copy of the note, the mortgage, and the personal guarantee were attached as exhibits to the complaint.   Kiavi sought $95,500.00 plus interest from Calloway and NTS, asked that the Property be sold and Kiavi paid from the proceeds of such sale, and requested that Kiavi receive all rental payments derived in connection with the Property.

{¶ 3} Calloway, pro se, filed an "Answer to Complaint" on July 30, 2025.   He did not admit or deny any of the allegations in the complaint.   Instead, his "Answer" consisted of his request for the trial court "to examine the 4 homes I purchased" and his belief that all four loans with Kiavi "are tainted by misinformation, misrepresentation, and possibly outright fraud."   Calloway then listed fourteen "Key Questions I have Not Received Answers To." NTS did not file an answer or any other responsive pleading.

{¶ 4} On August 20, 2025, Kiavi filed a motion for summary judgment alleging that there were no genuine issues as to any material fact and that Kiavi was entitled to judgment as a matter of law.   Attached to the motion was the affidavit of Barbara Sweazen, an employee with Kiavi, who identified and authenticated various documents, including the note, the personal guarantee, and the mortgage agreement giving Kiavi a security interest in the Property.   The affidavit stated that the borrower failed to make payments on the note and mortgage, and that no payments had been made thereafter to bring the loan current. Having deemed the borrower in default, Kiavi accelerated the balance and called the loan due, but no further payments were made.   The amount owed and due was $95,500.00, together with interest at the rate of 19.49% per annum from February 1, 2025, along with any advances for taxes, insurance, or costs otherwise expended to protect the property.

{¶ 5} In response to Kiavi's motion for summary judgment, Calloway filed several unauthenticated documents on September 15, 2025, and September 17, 2025.   No affidavit or other Civ.R 56 materials were submitted in opposition to Kiavi's motion.

3

**{¶ 6}** On October 23, 2025, the trial court granted Kiavi's motion for summary judgment and entered a judgment and foreclosure decree. Calloway filed a timely notice of appeal. NTS did not file an appeal and is not part of this appeal.

**{¶ 7}** Calloway's pro se brief wholly fails to comply with the rules for a proper brief as set forth in App.R. 16(A)(1)-(7). Among other things, Calloway failed to comply with App.R. 16(A)(3), which requires "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." In addition, Calloway failed to comply with App.R. 16(A)(7), which mandates "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶ 8}** Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A). *See* App.R. 12(A) and *Holfinger v. Stonespring/Carespring, L.L.C.*, 2016-Ohio-7982, ¶ 27-31 (2d Dist.). Although Calloway's failure to properly comply with App.R. 16 is a sufficient basis on which to affirm the trial court's judgment, in the interests of justice and finality, we exercise our discretion to address Calloway's argument rather than striking his brief or summarily dismissing the appeal. *State v. Bolton*, 2017-Ohio-8903, ¶ 13 (2d Dist.).

**{¶ 9}** Calloway states that his "case will show examples of Fraud, Misrepresentation, Failure to provide access to complete an inspection, and Non Disclosure of multiple Code Violations." Appellant's Brief, p. 1. He then alleges several facts without any citation to the record. He concludes by asking us to "grant the instant Motion to dismiss the Plaintiff's complaint, with prejudice, and award the Defendant a not guilty verdict of all charges at

Plaintiff's cost."   We construe Calloway's brief as raising an implicit assignment of error that the trial court erred in granting summary judgment.

{¶ 10} Before resolving Calloway's implicit assignment of error, we note that he attached several documents to his appellate brief, most of which were not submitted at the trial court level.   "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."   *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Additionally, "'[a]n exhibit merely appended to an appellate brief is not part of the record and we may not consider it in determining the appeal.'"   *Williams v. Pioneer Credit Recovery, Inc.*, 2020-Ohio-397, ¶ 16 (2d Dist.), quoting *State v. Grant*, 2013-Ohio-2981, ¶ 12 (10th Dist.).   Therefore, we will not consider the attached exhibits or factual allegations in Calloway's brief that were not submitted to the trial court.

## II.    Law and Analysis

{¶ 11} Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. *Nationstar Mtge. LLC v. Anderson*, 2023-Ohio-3186, ¶ 10 (2d Dist.).   The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated.   *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).   To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment.   *Dresher v. Burt*, 1996-Ohio-107, ¶ 17.   Civ.R. 56(C) provides an inclusive list of materials that the trial court may consider when ruling on a motion for summary judgment, which include "the pleadings,

5

depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action."

{¶ 12} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at ¶ 17; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at ¶ 17. "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id*. at ¶ 18. Throughout, the evidence must be construed in favor of the nonmoving party. Civ.R. 56(C).

{¶ 13} Appellate review of a trial court's ruling on a summary judgment motion is de novo. *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.), citing *Helton v. Scioto Cty. Bd. of Commrs*., 123 Ohio App.3d 158, 162 (4th Dist. 1997). De novo review means that this court uses the same standard that the trial court should have used, and we examine all the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2015-Ohio-4297, ¶ 8 (2d Dist.), citing *Brewer v. Cleveland City Schools Bd. of Edn*., 122 Ohio App.3d 378, 383 (8th Dist. 1997), citing *Dupler v. Mansfield Journal Co*., 64 Ohio St.2d 116, 119-20 (1980).

{¶ 14} "To prevail on a motion for summary judgment in a foreclosure action, the plaintiff must prove: (1) it is the holder of the note and the mortgage, or is a party entitled to enforce them; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Carrington Mtge. Servs., LLC v. McClain*, 2023-Ohio-2211, ¶ 18 (2d Dist.). "An affidavit stating that the plaintiff is the owner of the

6

note and mortgage and that the loan is in default generally is sufficient to permit a trial court to enter summary judgment and order foreclosure, unless there is evidence that controverts the averments." *JP Morgan Chase Bank, N.A. v. Johnson*, 2015-Ohio-1939, ¶ 10 (2d Dist.).

{¶ 15} Kiavi attached the affidavit of Barbara Sweazen in support of its motion for summary judgment. Sweazen stated that in the regular performance of her job functions, she was familiar with the business records maintained by Kiavi. According to Sweazen, Kiavi had possession of the note, mortgage, and Calloway's personal guarantee at the time she executed the affidavit, and Kiavi had possession of all three documents prior to filing the complaint. Sweazen stated that attached to her affidavit were true and accurate copies of the following business records of Kiavi: the note, the mortgage, the personal guarantee, and the payment history. The note, the mortgage, and Calloway's personal guarantee were all signed and executed by Calloway. The mortgage was recorded with the Montgomery County Recorder. Sweazen further averred that the amount due and owed as of March 1, 2025, was $95,500.00, together with interest thereon at the rate of 19.49% per annum from February 1, 2025, and any advances for taxes, insurance, or monies otherwise expended to protect the Property.

{¶ 16} Sweazen's affidavit and attached documents established that Kiavi was the holder of the note, the mortgage, and the personal guarantee, that NTS and Calloway were in default, and that the amount of principal due was $95,500.00 with interest thereon at the rate of 19.49% per annum from February 1, 2025. Kiavi met its summary judgment burden, so the burden shifted to Calloway to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that showed that there was a genuine issue of material fact for trial.

7

{¶ 17} Calloway did not file any affidavit or responsive memorandum to counter Kiavi's motion for summary judgment. Instead, Calloway submitted several unauthenticated documents with no explanation as to their relevance, or context. The documents include what appear to be spreadsheets involving various properties and owners, along with comments about the properties, unsworn and unsigned letters from some of the alleged property owners, an internet crimes complaint submission form, various county property search results, a proposed but unsigned settlement agreement, and a settlement statement. Most of the documents relate to properties other than 100-102 Boltin Street. Calloway also included unsworn statements to the trial court.

{¶ 18} Calloway had the burden to respond, by affidavit or as otherwise provided by Civ.R. 56, to set forth specific facts showing that there was a genuine issue for trial. He did not do so. At no time did Calloway deny executing the personal guarantee or challenge the amount in default. "If a moving party meets the standard for summary judgment required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party." *Todd Dev. Co. v. Morgan*, 2008-Ohio-87, ¶ 14. Under these circumstances, the trial court did not err in granting summary judgment to Kiavi.

{¶ 19} Finally, Calloway argues on appeal that the purchase contract was null and void because he was induced into purchasing the Property due to fraud, misrepresentation, and Kiavi's failure to comply with various requirements during the purchase. In his answer, however, Calloway did not state with particularity the circumstances constituting fraud. *See* Civ.R. 9(B). The failure to properly plead fraud with particularity waives the defense. *See Wells Fargo Minnesota, N.A. v. Finley*, 2008-Ohio-982, ¶ 25 (2d Dist.). Moreover, as

noted above, the party (NTS) that purchased the Property did not file an answer to the complaint or a response to Kiavi's motion for summary judgment.

**{¶ 20}** Calloway's implied assignment of error is overruled.

### III. Conclusion

**{¶ 21}** Having overruled the assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.