ABN AMRO MORTGAGE GROUP, Appellee,

v.

MEYERS, Appellant, et al.

[Cite as *ABN AMRO Mtge. Group v. Meyers,* 159 Ohio App.3d 608, 2005-Ohio-602.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20463.

Decided Feb. 11, 2005.

Terrence Jones, for appellee.

John M. Ebersole, for appellant James E. Meyers.

Chris R. Van Schaik, Assistant Montgomery County Prosecuting Attorney, for Montgomery County Treasurer.

BROGAN, Presiding Judge.

{¶ 1} James E. Meyers appeals from the trial court's entry of summary judgment in favor of appellee ABN AMRO Mortgage Group ("ABN") on its complaint for foreclosure of a mortgage.

{¶ 2} Meyers advances three assignments of error on appeal. First, he contends that the trial court erred in sustaining the motion for summary judgment after ABN failed to address his affirmative defenses of fraud and failure of consideration. Second, he contends that the entry of summary judgment was erroneous because genuine issues of material fact exist with regard to those affirmative defenses. Third, he claims that the trial court erred in entering summary judgment without giving him adequate time to conduct discovery.

{¶ 3} Meyers obtained a mortgage from ABN for the purchase of real estate. ABN filed a complaint for foreclosure on July 25, 2003, alleging that Meyers was in default in payment on his promissory note and seeking to foreclose on the mortgage. Meyers responded with an answer in which he raised the affirmative defenses of fraudulent inducement and failure of consideration. Thereafter, ABN moved for complete summary judgment and requested an order of foreclosure. The sole basis for the motion was that Meyers was in default on the payment of his promissory note. The summary judgment motion did not address Meyers's affirmative defenses. In opposition to the motion, Meyers provided the trial court with an affidavit in which he averred that Todd Charske, an employee of a

company known as Kemper Financial, had fraudulently induced him to purchase the real estate. ABN did not file a reply memorandum.

{¶ 4} On March 17, 2004, the trial court filed a short decision and entry in which it sustained ABN's motion and entered judgment in the mortgage company's favor. In its entry, the trial court found Meyers in default on his mortgage and determined that ABN was entitled to foreclosure. The trial court's entry did not address Meyers's affirmative defenses. This timely appeal followed.

{¶ 5} In his first assignment of error, Meyers contends that the entry of summary judgment against him was improper because ABN's motion failed to address his affirmative defenses. In response, ABN insists that its only obligation in the summary judgment context was to demonstrate the absence of a genuine issue of material fact as to Meyers's default. ABN contends that there is no authority for the proposition that a plaintiff seeking summary judgment on its own claim must refute affirmative defenses raised in an answer.

{¶ 6} Upon review, we find Meyers's argument to be persuasive in part. The leading case addressing the summary judgment standard in Ohio is *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. There, the Ohio Supreme Court held: "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293, 662 N.E.2d 264.

{¶ 7} *Dresher* involved a defendant's moving for summary judgment against a plaintiff. That is why the opinion discusses the movant's burden to demonstrate the absence of a genuine issue of material fact on the nonmovant's claims. Although *Dresher* differs from the present case procedurally, we discern no reason why the same logic would not apply when, as in the present case, a moving plaintiff seeks complete summary judgment (i.e., the entry of final

judgment) against a defendant who has asserted an affirmative defense.[1] In such a case, a moving plaintiff bears the initial burden to demonstrate the absence of a genuine issue of material fact on its claim and on a nonmoving defendant's affirmative defenses. If the moving plaintiff fails to meet its burden as to the affirmative defenses, then the defendant bears no burden on that issue. If the plaintiff does satisfy its initial burden as to the affirmative defenses, however, then the defendant has a reciprocal burden to establish a genuine issue of material fact on them.

{¶ 8} While it is true that a nonmoving defendant bears the burden of proof on an affirmative defense at trial, it is equally true that a nonmoving plaintiff bears the burden of proof on a claim at trial. In either case, we have interpreted *Dresher* as standing for the principle that the moving party has the initial burden to demonstrate the absence of a genuine issue of material fact "on one or more issues of fact determinative of the non-moving party's *claim for relief or affirmative defense.*"[2] (Emphasis added.) *Garcia v. Bailey* (May 22, 1998), Montgomery App. No. 16646, 1998 WL 310742; see, also, *O'Neal v. Schear's Metro Markets, Inc.* (June 13, 1997), Montgomery App. No. 16218, 1997 WL 337664 (same); *Haack v. Bank One, Dayton* (April 11, 1997), Montgomery App. No. 16131, 1997 WL 205998 (same). In the present case, Meyers, a nonmoving defendant, had no claim for relief. But he did have two affirmative defenses. Consequently, in order to demonstrate the absence of any genuine issue of material fact for trial (and thereby obtain a complete summary judgment), ABN bore the initial burden to address the affirmative defenses in its motion for summary judgment.

{¶ 9} The foregoing conclusion is consistent with other Ohio state and federal case law. See *Bright Local School Dist. Bd. of Edn. v. Hillsboro School Dist. Bd. of Edn.* (1997), 122 Ohio App.3d 546, 554, 702 N.E.2d 449 ("Appellees failed to carry this initial burden during the proceedings below. Their motion for summary judgment contained no Civ.R. 56(C) evidentiary materials to address the

---

1. This court has recognized that Civ.R. 56 applies to both "claims and defenses on which judgment may be available." *Berry Network, Inc. v. Magellan Health Services, Inc.*, Montgomery App. No. 19217, 2002-Ohio-3279, 2002 WL 1393568.

2. We recognize the possibility that a moving plaintiff may be at an informational disadvantage when trying to meet its initial burden to demonstrate the absence of a genuine issue of material fact on a nonmoving defendant's affirmative defense. In some cases, the evidence needed to demonstrate the absence of a factual dispute may be most accessible to the nonmoving defendant raising the defense. It is equally true, however, that a moving defendant at times may face the same problem when seeking summary judgment on a nonmoving plaintiff's claims for relief. Thus, in either case, we see no unfair disadvantage to the party seeking summary judgment. We note, too, that the discovery process is designed to provide the parties with an opportunity to uncover the evidence needed to demonstrate the absence of a genuine issue of material fact on a claim or defense.

affirmative defenses raised by appellants. Instead, the appellees ignored the statute of limitations issue entirely"); *Mark–It Place Foods, Inc. v. New Plan Excel Realty Trust*, 156 Ohio App.3d 65, ¶ 89–90, 2004–Ohio–411, 804 N.E.2d 979 ("As we mentioned previously, the party moving for summary judgment has the initial burden to show that no genuine issues of material fact exist (either with respect to its claims or with respect to any defenses to those claims) and that it is entitled to judgment in its favor as a matter of law. In the case sub judice, we note that Fleming's motion for summary judgment barely addressed the estoppel issue and did not address several of the elements necessary to negate the use of that defense by New Plan"); *Bobb Chevrolet, Inc. v. Dobbins*, Ross App. No. 01CA2621, 2002–Ohio–4256, 2002 WL 1922115 ("On summary judgment, the moving party bears the initial burden of proving that no genuine issue of fact exists with regard to any material issue before the court. * * * Thus, although comparative negligence constitutes an affirmative defense for which Dobbins would bear the burden of proof at trial, the initial burden lies with Bobb Chevrolet on its motion for summary judgment"); *Books A Million, Inc. v. H & N Enterprises, Inc.* (S.D.Ohio 2001), 140 F.Supp.2d 846, 851 ("In the context of summary judgment, it is well settled that the moving party *always* bears the initial responsibility of informing the district court of the basis for its motion. * * * This initial burden remains with the moving party, even when the issue involved is one on which the non-movant will bear the burden of proof at trial, such as the Defendant's affirmative defenses in the present case").

{¶ 10} We are aware that the Third District Court of Appeals reached a contrary conclusion in *Countrymark Cooperative, Inc. v. Smith* (1997), 124 Ohio App.3d 159, 705 N.E.2d 738. There the court rejected an argument that a moving plaintiff bears the burden to demonstrate the absence of a genuine issue of material fact on an affirmative defense, reasoning:

{¶ 11} "Though the moving party has the initial burden to come forward with evidence in support of its motion for summary judgment, once 'the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' Further, '[s]ummary judgment requires the party opposing the motion to produce evidence on any issue for which that party bears the burden of proof at trial.' Because Smith bears the burden of establishing at trial his affirmative defense of illegality of contract, Smith must bring forth evidence of illegality to survive Countrymark's motion for summary judgment." (Citations omitted.) Id. at 168, 705 N.E.2d 738.

{¶ 12} Upon review, we respectfully disagree with the Third District's analysis. A nonmoving party's reciprocal obligation applies only to those matters

that form the basis of the moving party's motion. *Dresher*, supra, 75 Ohio St.3d at 293, 662 N.E.2d 264. Moreover, we must add a caveat to the Third District's assertion that "summary judgment requires the party opposing the motion to produce evidence on any issue for which that party bears the burden of proof at trial." This is true only when the moving party has satisfied its initial burden by properly raising the issue in a motion for summary judgment. Id. at 295, 662 N.E.2d 264, limiting *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. In the present case, ABN did not address Meyers's affirmative defenses in its motion for summary judgment. Therefore, Meyers had no "reciprocal obligation" to demonstrate a genuine issue of material fact on them.

{¶ 13} We caution, however, that our ruling herein does not mean that ABN was not entitled to summary judgment on the issue of Meyers's default under the terms of the promissory note. ABN filed a properly supported Civ.R. 56(C) motion for summary judgment on that issue, and Meyers failed to demonstrate a genuine issue of material fact as to whether he was in default under the agreement. Consequently, ABN was entitled to a partial summary judgment limited to the default issue. See Civ.R. 56(D) (recognizing that a party may obtain summary judgment on fewer than all of the issues in a case). We conclude only that ABN was not entitled to complete summary judgment, and the entry of final judgment in its favor, because Meyers's affirmative defenses remain pending in this litigation. See *Books A Million*, supra, 140 F.Supp.2d at 850–851. In short, ABN cannot obtain an order of foreclosure by filing a motion for summary judgment that raises essentially undisputed matters and ignores the only genuine issue in the case, namely whether Meyers has an affirmative defense to his nonpayment on the promissory note.[3]

{¶ 14} Based on the foregoing reasoning, we find no error in the trial court's determination that ABN was entitled to summary judgment on the issue of Meyers's default under the promissory note. Given that ABN's motion failed to address Meyers's affirmative defenses, however, the trial court should have construed the motion as one for partial summary judgment and determined that the defenses remained potentially viable. Instead, the trial court found ABN entitled to foreclosure and entered final judgment. To that extent, the trial court erred. Accordingly, we sustain Meyers's first assignment of error insofar as he contends that the trial court erred in entering complete summary judgment against him when his affirmative defenses remained pending in the case.

---

3. By its very nature, an affirmative defense acts as a confession and avoidance. "It admits for pleading purposes only that the plaintiff has a claim (the 'confession'), but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the 'avoidance')." *Wurts v. Gregg* (Jan. 28, 2000), Montgomery App. No. 17682, 2000 WL 84660.

{¶ 15} In his second assignment of error, Meyers claims that the entry of summary judgment was erroneous because genuine issues of material fact exist with regard to his affirmative defenses. In response, ABN asserts that Meyers's affidavit in opposition to summary judgment was insufficient to create a genuine issue of material fact on the affirmative defenses.

{¶ 16} Upon review, we need not decide whether the averments in Meyers's affidavit were sufficient to withstand summary judgment on his affirmative defenses. This is so because, as noted above, ABN did not seek summary judgment on the affirmative defenses. "Given [ABN's] failure to address [Meyers's] affirmative defenses in its initial summary judgment Memorandum, [Meyers] had no obligation in [his] opposing Memorandum to demonstrate a genuine issue of material fact with respect to those defenses." *Books A Million,* supra, 140 F.Supp.2d at 851.[4] Accordingly, we overrule Meyers's second assignment of error as moot.

{¶ 17} In his third assignment of error, Meyers claims that the trial court erred in entering summary judgment against him without giving him adequate time to conduct discovery.

{¶ 18} Meyers insists that he needs to conduct additional discovery in order to uncover evidence within the control of ABN that may support his affirmative defense of fraudulent inducement. Given our holding above that ABN was not entitled to summary judgment on this affirmative defense, we overrule Meyers's third assignment of error as moot. If ABN seeks summary judgment on the fraud issue in the future, Meyers is free to request additional time for discovery under Civ.R. 56(F).

{¶ 19} Having sustained Meyers's first assignment of error in part, we affirm in part and reverse in part the trial court's March 17, 2004 judgment entry. The trial court's judgment is affirmed insofar as it found ABN entitled to summary judgment on the issue of Meyers's default under the promissory note. The trial court's judgment is reversed insofar as it found ABN entitled to foreclose on the mortgage, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WOLFF and GRADY, JJ., concur.

---

4. Although *Books A Million* applied the federal summary judgment standard under *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, we see no meaningful difference between this standard and the one articulated by the Ohio Supreme Court in *Dresher,* supra, at least with regard to the issue in this case.