OPINION
{¶ 1} Tyrone and Gwendolyn Arnold appeal from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of ABN AMRO Mortgage Group, Inc. ("ABN") on its foreclosure action and dismissed the Arnolds' counterclaims and cross-claims.
 {¶ 2} ABN filed a complaint for foreclosure against the Arnolds in March 2002. A mortgage note signed by the Arnolds and payable to First National Mortgage Bank, Inc. ("FNMB"), was attached to the complaint, along with a Corporation Assignment of Mortgage form indicating that the mortgage had been transferred to ABN. The Arnolds filed an answer asserting numerous affirmative defenses, as well as counterclaims and third-party claims, incorrectly labeled as "cross-claims." All of the Arnolds' claims involved their purchase of a new home in 2000, which was financed by FNMB. The claims were against FNMB; the builder's representative, Stanley Smith; the title company, Titlequest Agency, Inc. ("Titlequest"); and an appraisal company.
 {¶ 3} In essence, the Arnolds contended that they had been misled and defrauded in the purchase of their home such that they had become saddled with a mortgage payment that FNMB knew they could not afford and with a house that was not worth its appraised value. They claimed numerous irregularities in the proceedings and alleged that those involved in the transaction had conspired against them. They sought that the mortgage be declared null and void, as well as "actual damages * * *, statutory damages, enhanced damages, punitive damages and attorney fees."
 {¶ 4} ABN filed a motion for summary judgment, alleging that there was no genuine issue of material fact as to the delinquency of the loan and the amount due. ABN also asserted that the Arnolds' affirmative defenses were not sufficiently pled and, in any event, were insufficient to defeat summary judgment. The Arnolds filed a memorandum in opposition to the motion for summary judgment. They attached an affidavit detailing their interactions with the builder of their home and the various ways in which they thought they had been misled about the value of their home, the monthly payment, their ability to make the monthly payment, the circumstances surrounding the builder's acquisition of a second mortgage on the house, and irregularities in the transactions.
 {¶ 5} FNMB and Titlequest filed motions to dismiss. Smith stated in his answer that the Arnolds' claims should be dismissed, but he did not file a motion to this effect. The appraisal company did not file an answer.
 {¶ 6} The trial court found that ABN was entitled to a judgment of foreclosure as a matter of law and dismissed the Arnolds' counterclaims against ABN. The court granted FNMB's and TitleQuest's motions to dismiss, and it dismissed the claims against Smith and the appraisal company sua sponte. The court entered judgment on the note in the amount of $149,347.59 and ordered the sale of the property.
 {¶ 7} The Arnolds raise two assignments of error on appeal.
 {¶ 8} I. "The court erred as a matter of law in granting the appellee's motion for summary judgment."
 {¶ 9} The Arnolds argue that the trial court erred in failing to consider the documents they had filed in opposition to the motion for summary judgment, as evidenced by the trial court's failure to reference these documents in its decision. They also claim that the trial court erred in entering summary judgment because they had set forth facts sufficient to establish a civil conspiracy, a claim for damages, and entitlement to relief from the mortgage.
 {¶ 10} We review a motion for summary judgment de novo. See Helton v.Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162,703 N.E.2d 841. As such, any failure by the trial court to review summary judgment materials is necessarily harmless. Even if we assume, for the sake of argument, that the trial court did fail to review the materials submitted by the Arnolds, our de novo review of this matter is sufficient to correct the alleged error.
 {¶ 11} The Arnolds claim that the trial court erred in granting summary judgment because they had created a genuine issue of material fact regarding a civil conspiracy and their right to relief from the mortgage obligation. In response, ABN asserts that the Arnolds "failed to meet their reciprocal burden to provide evidence of specific facts showing any genuine issue for trial."
 {¶ 12} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd.,78 Ohio St.3d 181, 183, 1997-Ohio-221, 677 N.E.2d 343; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.; see Civ.R. 56(E).
 {¶ 13} ABN's argument about the Arnolds' failure to meet their "reciprocal burden" in response to the motion for summary judgment raises the question of the proper allocation of the burden of proof on a motion for summary judgment where affirmative defenses have been presented. We recently addressed this issue in ABN Amro Mortgage Group v. James E.Meyers, Montgomery App. No. 20463, 2005-Ohio-602. In Meyers, we considered the following question: when a plaintiff moves for summary judgment, which party has the initial burden of informing the trial court as to the existence of a genuine issue of material fact with respect to affirmative defenses? We answered this question stating:
 {¶ 14} "In such a case, a moving plaintiff bears the initial burden to demonstrate the absence of a genuine issue of material fact on its claimand on a non-moving defendant's affirmative defenses. If the moving plaintiff fails to meet its burden as to the affirmative defenses, then the defendant bears no burden on that issue. If the plaintiff does satisfy its initial burden as to the affirmative defenses, however, then the defendant has a reciprocal burden to establish a genuine issue of material fact on them." Id. (Emphasis added.)
 {¶ 15} Although Dresher held that the party opposing a motion for summary judgment must provide evidence on any issue on which it would bear the burden of proof at trial, we have interpreted Dresher "as standing for the principle that the moving party has the initial burden to demonstrate the absence of a genuine issue of material fact `on one or more issues of fact determinative of the non-moving party's claim forrelief or affirmative defense.'" (Emphasis sic.) Meyers, supra, citingGarcia v. Bailey (May 22, 1990), Montgomery App. No. 16646. See, also,O'Neal v. Schear's Metro Markets, Inc. (June 13, 1997), Montgomery App. No. 16218; Haack v. Bank One, Dayton (April 11, 1997), Montgomery App. No. 16131. While it is true that a nonmoving defendant bears the burden of proof on affirmative defenses at trial, it is also true that a non-moving plaintiff bears the burden of proof on his claims at trial.Meyers, supra.
 {¶ 16} Applying this standard to the case at hand, we conclude that, in order to demonstrate the absence of any genuine issue of material fact for trial and thereby to obtain summary judgment on its claim, ABN bore the initial burden to address the Arnolds' affirmative defenses in its motion for summary judgment. ABN did not address these issues in its motion for summary judgment or in its response to the Arnolds' memorandum in opposition to summary judgment. Therefore, although the record reflects that ABN was entitled to summary judgment as to whether the Arnolds were in default on the promissory note, we conclude that it was not entitled to summary judgment on all of the issues presented or to the entry of final judgment in its favor, because it failed to show that there was no genuine issue of material fact as to the Arnolds' affirmative defenses. In other words, the trial court properly granted summary judgment on the issue of default, but it erred in granting summary judgment on all of the issues presented.
 {¶ 17} The first assignment of error is sustained in part and overruled in part.
 {¶ 18} II. "The court erred as a matter of law in dismissing the appellant's counterclaims and crossclaims."
 {¶ 19} The Arnolds claim that the trial court erred in interpreting Civ.R.13(H) to "permit the joinder of a new defendant only to an identical counterclaim or cross-claim asserted against an existing party." On this basis, the trial court dismissed several of the Arnolds' claims against FNMB, TitleQuest, Smith, and the appraisal company. The court dismissed other claims on the ground that they "failed when summary judgment was granted on the Arnolds' counterclaim" against ABN.
 {¶ 20} "A motion to dismiss can be granted only where the party opposing the motion is unable to prove any set of facts which would entitle him to the relief requested. When reviewing a complaint under this standard, factual allegations contained in the complaint are taken as true. When reviewing a case on a motion to dismiss, the reviewing court must construe all material allegations in the complaint and all reasonable inferences drawn therefrom in favor of the nonmoving party." (Citations omitted.) Kenty v. Transamerica Premium Ins. Co. (1995),72 Ohio St.3d 415, 418, 1995-Ohio-61, 650 N.E.2d 863. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378.
 {¶ 21} We will first deal with the Arnolds' claims against FNMB. FNMB claimed that it was improperly joined in this action through cross-claims, rather than through the rules of third-party practice set forth at Civ.R. 14(A). We agree that FNMB, TitleQuest, Smith, and the appraisal company were mislabeled as cross-claimants, and the claims against them were mislabeled as cross-claims. The Arnolds actually filed third-party claims against them, which made them third-party defendants. However, they were properly joined pursuant to Civ.R. 19, Civ.R. 19.1, and Civ.R. 20, as discussed infra. Thus, the mislabeling is of no substantive consequence.
 {¶ 22} The trial court cited "the plain language of Ohio Civ.R. 13(H)" in dismissing the Arnolds' claims against FNMB. Civ.R. 13(H) permits joinder of additional parties in accordance with Civ.R. 19, Civ.R. 19.1, and Civ.R. 20. These rules discuss joinder of persons needed for just adjudication, compulsory joinder, and permissive joinder. Civ.R. 20(A) permits the assertion of a claim which arose from the "same transaction, occurrence, or succession or series of transactions or occurrences" against any additional parties if any question of law or fact common to all persons is presented by the action. See, also, John T. Shear Corp.v. Shiros, Inc. (Oct. 3, 1985), Cuyahoga App. No. 49559. Because the Arnolds' affirmative defenses to the foreclosure action and their claims against FNMB clearly arise from the same transaction or series of transactions, we reject the argument that the civil rules prohibited the joinder of FNMB.
 {¶ 23} We now turn to the substance of the claims against FNMB. The claims for breach of covenant of good faith and fair dealing and breach of fiduciary duty parallel the claims against ABN, while the claims for violations of the Consumer Sales Practices Act ("CSPA"), the Mortgage Broker Act, and the Real Estate Settlement Procedures Act do not.
 {¶ 24} The trial court recognized that the Arnolds' claims against FNMB for breach of covenant of good faith and fair dealing and breach of fiduciary duty mirrored their claims against ABN. It dismissed those claims due to the fact that summary judgment had been granted on the claims against ABN. As discussed under the first assignment of error, summary judgment in favor of ABN on the issues raised by the Arnolds was improper. As such, the parallel claims against FNMB likewise should not have been dismissed.
 {¶ 25} Next, we must consider whether, with respect to FNMB, the Arnolds were permitted to bring additional claims unrelated to those which mirrored its claims against ABN. As the trial court pointed out, these claims were based upon the CSPA, the Mortgage Broker Act, and the Real Estate Settlement Procedures Act. The trial court concluded that the Arnolds could not bring these claims because they were not identical to the claims against ABN.
 {¶ 26} Civ.R. 18(A) provides:
 {¶ 27} "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party."
 {¶ 28} Pursuant to this rule, the Arnolds were permitted to bring all of their claims against FNMB in this one action. The trial court erred in dismissing Arnolds' claims on the basis that they were "not identical" to claims asserted against an existing party.
 {¶ 29} In its motion to dismiss, however, FNMB did argue that the CSPA was inapplicable to transactions involving financial institutions. We note that the CSPA does exclude from its definition of a "consumer transaction" all transactions between financial institutions, including banks, and their customers. See R.C. 1345.01(A) and R.C. 5725.01. For this reason, rather than for the procedural reasons cited by the trial court, the Arnolds' CSPA claim against FNMB was properly dismissed.
 {¶ 30} The Arnolds also filed a claim against the title company, TitleQuest, which in turn filed a motion to dismiss the claim. In their claim, the Arnolds asserted that TitleQuest had owed them a duty of care and had breached that duty. There is no allegation as to a problem with the title. The Arnolds do state, however, that TitleQuest was hired to perform closing and settlement services, for which the Arnolds paid a fee, and that TitleQuest was a "supplier" under the CSPA. They further allege:
 {¶ 31} "13. At the closing Arnolds were presented with numerous documents to sign. One such document was the HUD-1 Settlement Statement, a copy of which is attached hereto as Exhibit `A' and the Truth in Lending Disclosure Statement, a copy of which is attached hereto as Exhibit `B.'
 {¶ 32} "14. Although the HUD-1 Settlement Statement indicates that Arnolds paid the sum of $7,937.78 at closing, they only paid a total of $45.00."
 {¶ 33} Taking the Arnolds' factual allegations as true, it appears that they may be able to prove facts — i.e., irregularities or untruths in the closing documents — that would entitle them to relief from TitleQuest, which had the responsibility for preparing those documents. Therefore, the trial court should not have granted TitleQuest's motion to dismiss.
 {¶ 34} Finally, the trial court dismissed the Arnolds' claims against Smith and the appraisal company, generally referencing the reasons for the dismissal of the claims against FNMB. Presumably, this means that the trial court found the claims against Smith and the appraisal company to be barred because they were not identical to the original claims or to fail for the reasons that the claims against ABN failed. Because we have rejected both of these conclusions, the claims against Smith and the appraisal company were not properly dismissed.
 {¶ 35} The second assignment of error is sustained in part and overruled in part.
 {¶ 36} The judgment of the trial court will be affirmed insofar as it dismissed the Arnolds' CSPA claim against FNMB. In all other respects, the judgment will be reversed, and the matter will be remanded for further proceedings.
Fain, J. and Grady, J., concur.