[Cite as *VFC Partners 18, L.L.C. v. Snider*, 2014-Ohio-4129.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| VFC PARTNERS 18 LLC, SUCCESSOR BY ITS ASSIGNMENT FROM RBS CITIZENS, NA, SUCCESSOR BY ITS MERGER WITH CHARTER ONE BANK, NA, | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2014-L-024** |
| | : | |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| LOUIS S. SNIDER, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2012 CF 002543.

Judgment: Affirmed.

*Michael J. Palumbo* and *Anthony J. Gingo*, Gingo Palumbo Law Group, LLC, 6100 Oak Tree Boulevard, Suite 200, Park Center Plaza I, Independence, OH 44131 (For Plaintiff-Appellee).

*Ron M. Graham*, 6988 Spinach Drive, Mentor, OH 44060 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Louis S. Snider[1], appeals the judgment of the Lake County Court of Common Pleas granting summary judgment and a decree of foreclosure in favor of appellee, VFC Partners 18 LLC ("VFC Partners"), successor by its assignment from RBS Citizens, NA ("RBS Citizens"), successor by its merger with Charter One

---

1. Louis S. Snider is the only name on this court's notice of appeal.

Bank, NA ("Charter One"). For the reasons that follow, we affirm the decision of the trial court.

{¶2} Appellant took title to property located at 7856 Euclid-Chardon Road, Kirtland, Ohio. Appellant signed a promissory note in favor of Charter One. The note was transferred to RBS Citizens by virtue of its merger with Charter One. RBS Citizens transferred the note to appellee, evidenced by an allonge attached to the note. The allonge referenced the $215,000 term note dated April 9, 2003, and assigned the note payable to appellee; it was executed prior to the filing of the instant complaint. Appellee also had possession of the original note at the time of filing the foreclosure complaint.

{¶3} Appellant also granted a mortgage on the property to Charter One and executed an assignment of rents in favor of Charter One. On February 12, 2012, RBS Citizens assigned the mortgage and assignment of rents to appellee.

{¶4} Appellant failed to make any of the required monthly payments and was sent notice of default advising appellant of the conditions to cure default. Appellant failed to cure default, and on September 19, 2012, appellee initiated the instant foreclosure action.

{¶5} The complaint alleged that appellee was the holder in due course of the note and assignee of the mortgage and assignment of rents; appellant was in default; all conditions precedent were met; and the balance due under the note had been accelerated.

{¶6} Appellant filed an answer admitting that he issued the note and mortgage in favor of Charter One. Appellant also asserted four affirmative defenses: lack of authority, unclean hands, incorrect charges added to balance, and waiver.

2

{¶7} In December 2012, appellee moved for summary judgment. In response, appellant filed a brief in opposition or, in the alternative, leave of court to conduct discovery. Following the withdrawal of appellant's counsel, appellant filed a second answer. In June 2013, the court entered a journal entry in which it provided appellant until June 24, 2013, to file a memorandum in opposition to appellee's motion for summary judgment. Appellant filed such memorandum but failed to provide support with an affidavit or any other evidentiary material. Appellant, however, maintained that appellee was required to address the various affirmative defenses in its motion for summary judgment.

{¶8} In August 2013, appellee filed a first amended complaint to join certain parties. Appellant filed an answer, again asserting affirmative defenses. Appellee filed a renewed motion for summary judgment. Appellant filed a "motion to dismiss renewed summary judgment." The entire motion consisted of the following:

> The plaintiff in this case has filed a motion for summary judgment and was responded to by defendants citing many factual disputes between the parties. The court has taken the matter under advisement. The additional motion is unnecessary and should be dismissed. There is no basis for a renewed motion to be filed.

The trial court granted appellee's motion for summary judgment. The trial court entered a decree of foreclosure and order of sale.

{¶9} Appellant filed a notice of appeal and assigns the following assignment of error:

{¶10} "The trial court erred in granting appellee['s] motion for summary judgment."

{¶11} On appeal, appellant argues granting a motion for summary judgment is improper when the moving plaintiff did not address the non-moving defendant's

3

affirmative defenses set forth in the answer. Before we address appellant's argument on appeal, we first discuss the summary judgment exercise.

{¶12} We review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13. Under Civil Rule 56(C), summary judgment is proper if:

> '(1) No genuine issue as to any material fact remains to be litigated;
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'

*Id*. at ¶10-11, quoting *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶13} The moving party bears the initial burden to demonstrate from the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, that there is no genuine issue of material fact to be resolved in the case. *Zuga* at ¶12. "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Id.* at ¶12.

{¶14} To support his argument on appeal, appellant cites to the Second Appellate District's opinion in *ABN AMRO Mtge. Group v. Meyers*, 159 Ohio App.3d 608, 2005-Ohio-602, (2d Dist.), where the court considered the following question: "when a plaintiff moves for summary judgment, which party has the initial burden of informing the trial court as to the existence of a genuine issue of material fact with respect to affirmative defenses?" *ABN AMRO Mtge. Group, Inc. v. Arnold*, 2d Dist. Montgomery Case No. 20530, 2005-Ohio-925, ¶13, citing *Meyers* at ¶5.

4

{¶15} The *Meyers* Court stated, at ¶7:

> In such a case, a moving plaintiff bears the initial burden to demonstrate the absence of a genuine issue of material fact on its claim and on a non-moving defendant's affirmative defenses. If the moving plaintiff fails to meet its burden as to the affirmative defenses, then the defendant bears no burden on that issue. If the plaintiff does satisfy its initial burden as to the affirmative defenses, however, then the defendant has a reciprocal burden to establish a genuine issue of material fact on them.

{¶16} In *Meyers*, the court found the trial court erred in finding that the mortgage company, the moving plaintiff, was entitled to foreclosure and in entering final judgment. *Id.* at ¶14. The court reasoned that although the non-moving defendant did not have a claim for relief, he did assert two affirmative defenses in his answer. *Id.* at ¶13. As such, in order to demonstrate the absence of any genuine issue of material fact and to obtain a complete summary judgment, the moving plaintiff bore the initial burden to address the affirmative defenses in its motion for summary judgment. *Id.* The court stated the moving plaintiff did, in fact, file a properly-supported motion for summary judgment on the issue of default under the terms of the promissory note, as the non-moving defendant failed to demonstrate a genuine issue of material fact as to whether he was in default under the agreement. *Id.* Consequently, the moving plaintiff was entitled to only a partial summary judgment on the default issue—not an entry of final judgment in its favor. The non-moving defendant's affirmative defenses remained pending. *Id.*

{¶17} Here, appellant claims that because appellee did not address his affirmative defenses in the motion for summary judgment, the trial court erred in its granting of appellant's summary judgment motion. We disagree.

5

**{¶18}** After the decision in *Meyers*, the Ohio Supreme Court was asked to resolve the following question: "Does a plaintiff or counterclaimant moving for summary judgment granting affirmative relief on its own claims bear the initial burden of addressing the non-moving party's affirmative defenses in its motion?" *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶1. The Court answered the question in the negative. *Id.*

**{¶19}** The *Morgan* Court stated, "[t]he language of Civ.R. 56 and our case law do not support the proposition that a party moving for summary judgment has the burden to prove its case *and disprove* the opposing party's case as well." *Id.* at ¶13 (emphasis sic.).

> To the contrary, Civ.R. 56(E) states that a party opposing summary judgment may not rest upon its pleadings, but must set forth specific facts showing there is a genuine issue for trial. If a moving party meets the standard for summary judgment required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party.
>
> * * *
>
> We decline the opportunity to alter the summary judgment procedure in Ohio to require a moving party to bear the initial burden of addressing and negating the nonmoving party's affirmative defenses. Our holding today encourages the just and timely disposition of civil actions by requiring a nonmoving party to respond to a motion for summary judgment with evidence creating a genuine issue of material fact.
>
> A plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses.

*Id.* at ¶14, 23-24.

**{¶20}** Finding no merit in appellant's argument that appellee, as the moving plaintiff, was required to address the nonmoving party's affirmative defenses in its

6

motion for summary judgment, we must determine whether appellee filed a properly-supported Civ.R. 56(C) motion for summary judgment. To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce it; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶40-45.

{¶21} With regard to the first requirement, the movant must establish it was the holder or entitled to enforce the note as of the time the complaint was filed. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶3. "[S]tanding is a jurisdictional requirement which must be met before a common pleas court can proceed." *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24, citing *Schwartzwald* at ¶22. The mortgage lender must demonstrate an interest in either the mortgage or promissory note to establish standing; this interest must exist at the time the foreclosure complaint was filed in the trial court. *Koch* at ¶24, citing *Schwartzwald* at ¶25-27. The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31(A)(1). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Appellee presented the note and mortgage depicting the assignments, the allonge, the assignment and assumption of security instruments from RBS Citizens to appellee. These assignments occurred prior to the filing of the complaint. *See* R.C. 5301.32. The evidence also established that appellee was in

7

possession of the note and entitled to enforce it at the time the complaint was filed. *See Citimortage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶21 (holder of note has standing to foreclose).

**{¶22}** Further, appellee's complaint made a general allegation that it had complied with all conditions precedent for foreclosure. "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C)." *First. Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶20. By stating generally that it had complied with all conditions precedent, appellee met the requirements of Civ.R. 9(C). In the answer, appellant failed to allege he did not receive notice of default or that the notice was not properly sent prior to the acceleration of the loan. *See* Civ.R. 9(C) ("A denial of performance or occurrence shall be made specifically and with particularity.").

**{¶23}** The record also contains evidence of the amount of principal and interest due. The record contains the Payoff Statement, sent to appellant, documenting the current balance, the unpaid interest, and other associated fees.

**{¶24}** The mere fact that appellant asserted various affirmative defenses in his answer does not preclude summary judgment. As discussed above, appellee provided evidentiary material necessary to satisfy the foregoing criteria. At this point, the burden shifted to appellant to set forth specific facts demonstrating that a genuine issue of material fact remained to be litigated. Appellant, however, failed to meet its reciprocal burden by submitting evidence that would create a genuine issue of material fact for trial. Therefore, we conclude the trial court did not err in ruling that appellee was entitled to summary judgment as a matter of law.

{¶25} Appellant's sole assignment of error on appeal is without merit.

{¶26} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.